

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>JUAN LEDEZMA-HERNANDEZ,<br><br>                                    Defendant. | Case No.: 3:20-mj-2025-AHG<br><br>**ORDER GRANTING MOTION FOR REVIEW OF DETENTION ORDER**<br><br>**[ECF No. 11]** |

      Before the Court is Defendant Juan Ledezma-Hernandez' ("Defendant") Motion for Review of Detention Order. ECF No. 11. At Defendant's Initial Appearance on May 29, 2020, the Court held a hearing on the Government's motion to detain Defendant based on a serious risk of flight. ECF No. 5. The Court granted the Government's motion, finding that the Government had shown by a preponderance of the evidence that there is a serious risk Defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. ECF No. 7. The Court found that the following factors supported an order of detention: the weight of evidence (although the least important factor); prior criminal history; participation in criminal activity while on probation, parole, or supervision; significant family or other ties outside the United States; and that Defendant is subject to removal or deportation following any period of incarceration. *Id.*

Pursuant to 18 U.S.C. § 3145(b), Defendant now seeks reconsideration of the Court's Order of Detention Pending Trial, and requests that the Court set pretrial release conditions including a $50,000 personal appearance bond secured by the signature of Mr. Ledezma's sister-in-law, Adriana Ledezma, and a $2,000.00 cash deposit. ECF No. 11 at 3. The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

## I. Summary of Positions

Defendant argues that conditions of pretrial release can be set to mitigate any risk of flight, and proffers the following information to support that argument. Defendant has strong ties to the United States. Defendant came to the United States twenty years ago as a teenager. His father and five of his siblings live in Austin, Texas. His brother and sister-in-law are willing and able to provide housing and cover the costs of transporting Mr. Ledezma to San Diego for court appearances. Defendant also argues that he should be released because of a heightened risk of contagion of the COVID-19 virus in the prison population.

The Government argues that Defendant's motion is not based on new information, and is based instead on arguments made and rejected by the Court at his detention hearing. Although the Government did not move to detain Defendant as a danger to the community, it argues that the circumstances of Defendant's conviction in 2008 for kidnapping support detention. The Government also contends that the fact of the COVID-19 pandemic alone does not support reconsideration of the detention order.

## II. Analysis

The Court recognizes that the COVID-19 pandemic presents significant public health concerns. COVID-19 does not, however, change the nature of the individualized analysis that the Court must conduct under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No

matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks."). The Court disagrees with the Government that Defendant has failed to present any new information to support an order of pretrial release. The Court's Order of Detention was entered without prejudice based on the limited information available on the date of Defendant's initial appearance. It is no surprise that since then, Defendant's counsel has been able to obtain additional information regarding a potential surety and access to stable housing. The Court finds that based on this new information, conditions of release can be set that will reasonably assure Defendant's appearance as required.

The Court will enter a separate Pretrial Release Order setting forth the specific conditions of release. The conditions are different than those requested by Defendant. Although the Court appreciates that a $50,000 personal appearance bond is a significant amount, the Court's principal concern at Defendant's detention hearing was his significant ties to Mexico, where his wife and daughter live. The ability to live with close family members in the United States, and his sister-in-law's willingness to act as surety, does mitigate the risk of flight significantly. However, given Defendant's ties to Mexico, the Court finds that additional conditions are required, including a $10,000 cash deposit.

**IT IS SO ORDERED.**

Dated: June 19, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge